# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRENDON F. RIBBLE, et al.,

        Plaintiffs,

    v.                                  Case No. 09-C-0643

KIMBERLY-CLARK CORPORATION, et al.,

        Defendants.

## ORDER GRANTING MOTION TO SEVER

This is a collective action for relief under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiffs are 57 former Kimberly-Clark Corporation (K-C) employees who were fired or forced to resign over a three-year period as part of a series of reductions in force (RIFs) carried out pursuant to K-C's Global Business Plan. A threshold issue in the case is the validity of the releases that all but one of the plaintiffs signed as a condition of receiving certain severance benefits. Plaintiffs contend that the releases are invalid because they fail to comply with the Older Workers' Benefit Protection Act (OWBPA), 29 U.S.C. § 626(f)(1). On February 22, 2012, the Court granted in part and denied in part the parties' cross motions for summary judgment finding most of the releases valid but some invalid. As a result, some of the plaintiffs may now pursue discovery and resolve their ADEA claims on the merits, whereas, the claims of the remaining plaintiffs which were found barred by the releases must be dismissed. Rather than await disposition of the remaining claims, those plaintiffs whose claims were held

barred now seek severance of the claims from the others so that they may pursue an immediate appeal. For the reasons listed herein, Plaintiffs' motion (ECF No. 188) will be granted.

Plaintiffs' motion is brought under Fed. R. Civ. P. 21, which in pertinent part provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The Seventh Circuit has permitted Rule 21 severance when the claims sought to be severed as "discrete and separate" from each other. *See Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000). In evaluating whether claims are discrete and separate, the Court should consider whether they arose out of the same transaction or occurrence and whether they present common issues of law or fact. *Id.* In other words, one claim must be capable of resolution despite the outcome of the other claim. *Gaffney v. Riverboat Servs, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006); *see also Kraft Foods Holdings, Inc. v. Proctor & Gamble Co.*, 2008 WL 4559703 (W.D. Wis. Jan. 24, 2008). It is within the district court's broad discretion whether to sever a claim under Rule 21. *See Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976); *see also United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983). The Court's decision to sever is reviewed on an abuse of discretion standard. *Gaffney*, 209 F.3d at 1016.

Defendants argue Plaintiffs' motion should be denied because the claims are not "discrete and separate." More specifically, Defendants allege the claims are not discrete and separate because they all "stem from RIFs which Plaintiffs allege are intertwined." (ECF No. 190 at 2.) But Defendants' argument confuses the issue of the validity of the releases with individual claims of discrimination. Defendants are correct, in other words, to suggest there are common facts at play in this case, as the validity of the releases involves some common questions of law and facts. But this does not mean there would be a loss in judicial economy of severing the claims, as the

underlying *claims* themselves will still involve a separate determination as to each Plaintiff as to whether the decision to terminate his or her employment was due to age discrimination. In other words, the RIFs and waivers and background facts might be common to all Plaintiffs in a particular group, but these waivers say nothing as to the likelihood that each individual Plaintiff was discriminated against on the basis of age. The *claim* is age discrimination, and as to each plaintiff, that is a "discrete and separate" inquiry.

Not only is the severance permissible, but in my view severance is the option that makes the most sense given the posture of the case. The claims are already quite old, and requiring the plaintiffs whose claims have been held barred to wait until the claims of the remaining plaintiffs are fully resolved will result in additional delay. If the Court erred in concluding that the releases are valid, the sooner that error is corrected by the Court of Appeals, the sooner they will be able to resolve their claims. Delay could mean that already stale evidence will fade even more from the memories of potential witnesses. Severing the losing plaintiffs from the winning does not harm them, for the winning plaintiffs' claims will continue. In fact, those plaintiffs can immediately begin prosecution of Phase II; they will not have to wait for the appeal to run its course. No prejudice has been shown to any party.

Defendants argue that by seeking severance under Rule 21, plaintiffs are attempting to avoid the limitations of Fed. R. Civ. P. 54(b). Where, as here, a party seeks to appeal from a decision or order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties, an appeal is allowed only if the district court determines that there is no just reason for delay and expressly directs the Clerk to enter final judgment. Fed. R. Civ. P. 54(b). The determination that there is no just reason for delay requires consideration of several factors:

[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals . . . . It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980) (internal quotes and citations omitted); *see also General Ins. Co. of America v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). Defendants argue that if plaintiffs believe that the case is an appropriate one for a Rule 54(b) certification, they should make such a request. By requesting severance instead, plaintiffs appear to concede implicitly that there is no just reason to delay entry of final judgment. If that is the case, then to allow such a result seems improper.

Here, however, I conclude for the reasons set forth that there are good reasons to sever wholly apart from Rule 54(b). But even if Rule 54(b) applied, I would reach the same conclusion. It is highly unlikely that an immediate appeal of those claims I have found barred would result in piecemeal appeals. The issue plaintiffs wish to appeal is the validity of the releases I have found valid. The releases I found valid differ in significant ways from those I have found invalid. If the Court of Appeals affirms my decision barring those claims, it will have no effect on the claims of the plaintiffs who have been allowed to go forward. And if my decision is reversed, it will provide further support for my conclusion that the releases signed by the other plaintiffs are invalid. In fact, an immediate appeal of the barred claims is more likely to eliminate the need for a second appeal.

Under these circumstances, I conclude that plaintiffs' motion to sever should be granted. It will result in a more efficient use of judicial resources and not needlessly delay the appeal of those

4

plaintiffs whose claims have been barred. Accordingly, plaintiffs' motion for severance (ECF No. 188) is GRANTED.

Dated this   19th   day of April, 2012.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge